UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL GLENN HORAN,

        Petitioner,                        Case No. 1:09-cv-15

v.                                        Honorable Gordon J. Quist

MARY BERGHUIS,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

Petitioner is incarcerated in the E.C. Brooks Correctional Facility. He pleaded nolo contendere in the Muskegon County Circuit Court to two counts of capturing the image of an

unclothed person, MICH. COMP. LAWS § 750.539j(2)(b).  Apparently, Petitioner took video tape of a fifteen-year-old neighbor through her unshaded window while she was naked.  On August 16, 2005, the trial court sentenced him as an habitual offender to concurrent prison terms of 60-120 months.  On appeal, Petitioner challenged his sentence, claiming that Offense Variables (OV) 13 and 19 were misscored and that the trial court violated his due process rights by departing upward from the sentencing guidelines.  The Michigan Court of Appeals denied Petitioner's application for leave to appeal on October 16, 2006.  The Michigan Supreme Court issued an order on March 28, 2007, vacating Petitioner's sentence and remanding the case to the trial court for resentencing.  The supreme court explained:

> It is undisputed that OV 13 (Continuing Pattern of Criminal Behavior) was incorrectly scored, and that correcting the score reduces the applicable guideline range. The trial court departed upward from the guidelines, but did not declare that it would impose the same sentence regardless of the offense variable scoring. Rather, the court based the extent of the departure on the guidelines range. It is unclear that the trial court would have departed to the same extent under the correctly scored guidelines. Therefore, *People v. Mutchie*, 468 Mich 50, 51 (2003), does not apply.  On remand, the court may again depart from the appropriate sentencing guidelines range by articulating a substantial and compelling reason for the departure in accordance with *People v. Babcock*, 469 Mich 247, 268 (2003). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

*People v. Horan*, 728 N.W.2d 457 (Mich. 2007).

On remand, the sentencing guideline range was reduced from 14-43 months to 10-34 months; nevertheless, the trial court imposed the same sentence of 60 to 120 months.  Petitioner again appealed his sentence.  The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on August 23, 2007 and January 8, 2008, respectively.

Petitioner now raises the following grounds for habeas corpus relief:

I. THE SENTENCING COURT VIOLATED THE PRINCIPLES SET FORTH IN THE STATUTORY SENTENCING GUIDELINES WHEN HE SENTENCED DEFENDANT TO THE SAME SENTENCE FOLLOWING REMAND ON APPEAL, WHERE DEFENDANT'S STATUTORY

        SENTENCING GUIDELINES RANGE WAS REDUCED, AND DEFENDANT MUST BE RESENTENCED WITHIN THE STATUTORY SENTENCING GUIDELINE RANGE AS PER THE LEGISLATIVE RULES.

II.    DEFENDANT IS ENTITLED TO RESENTENCING BECAUSE THE STATUTORY SENTENCING GUIDELINES WERE DEPARTED ABOVE, DUE TO UNPROVEN AND UNCHARGED OFFENSES, IN VIOLATION OF THE DUE PROCESS OF LAW AND THE SIXTH AND FOURTEENTH AMENDMENTS.

III.    DEFENDANT MUST BE RESENTENCED OR MADE WHOLE BECAUSE THE COURT DEPARTED FROM THE STATUTORY SENTENCING GUIDELINES WITHOUT ARTICULATING REASONS THAT WERE JUSTIFIED OR MEET THE "SUBSTANTIAL AND COMPELLING" STANDARD.

IV.    EVEN IF THE DEPARTURE WERE WARRANTED, THE EXTENT OF THE DEPARTURE IN THIS CASE VIOLATED THE RULE OF PROPORTIONALITY, BY SENTENCING DEFENDANT 26 MONTHS ABOVE THE STATUTORY SENTENCING GUIDELINES RANGE.

## Discussion

### I. **Grounds I and III: Trial court's imposition of the same sentence after the guideline range was reduced without providing substantial and compelling reasons for the departure**

In his first ground for relief, Petitioner argues that, under Michigan law, the trial court was required to lower his sentence on remand after the guideline range was reduced from 14-43 months to 10-34 months. Petitioner cites Michigan case law for the proposition that a "presumption of vindictiveness" arises when the same judge resentences a defendant a second time and the subsequent sentence is longer than the first sentence. *See People v. Colon*, 44 N.W.2d 790, 794 (Mich. Ct. App. 2002). The presumption may be overcome only by objective information in the record justifying the increased sentence. *People v. Mazzie*, 413 N.W.2d 1, 6 (Mich. 1987). While the trial court resentenced Petitioner to the same term of years, Petitioner contends that the presumption of vindictiveness should apply because the second sentence was lengthier in proportion to the sentencing guideline range. In his third ground for relief, Petitioner further claims that the

-3-

trial court failed to provide substantial and compelling reasons for departing upward from the sentencing guidelines as required by MICH. COMP. LAWS § 769.34(3).

The alleged violation of Michigan law is not a basis for habeas corpus relief. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner's claim, that the trial court erred in departing above the guideline range, is not a proper issue for federal habeas review because it is a state-law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (holding that a state court's application of sentencing guidelines is a matter of state concern only); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). Moreover, whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. *See Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp.2d 992, 1009 (E.D. Mich. 1999) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review). Thus, Petitioner's claims are not cognizable on federal habeas review.

II. **Ground II: Consideration of uncharged and unproven offenses in imposing sentence**

In his second ground for habeas relief, Petitioner claims that the trial court departed from the sentencing guidelines on the basis of uncharged offenses that were not proved to a jury beyond a reasonable doubt nor admitted by Petitioner at his guilty plea. In support of his claim,

Petitioner cites the United States Supreme Court holding in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-92 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.; and see People v. Babcock*, 666 N.W.2d 231, 237 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of *Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09. Because the trial court in the present case sentenced Petitioner well within the parameters of Michigan's indeterminate sentencing scheme, it did not violate his Sixth Amendment rights. *See Tironi v. Birkett*, 252 F. App'x 724, 725

(6th Cir. 2007) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *see also Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3 (W.D. Mich. Jan. 19, 2007); *Pettiway v. Palmer,* No. 1:06-cv-132 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 05835, at *3 (E.D. Mich. Jan. 31, 2007); *Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, at *2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

### III.        Ground IV:   Sentence Proportionality

For his fourth ground for relief, Petitioner contends that his sentence violates the rule of proportionality enunciated by the Michigan Supreme Court in *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990). Under *Milbourn*, the sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at *2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). In addressing a claim that a sentence violated *Milbourn* proportionality, the Sixth Circuit stated that the issue was a matter of state law and that there was "no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee." *Lunsford*, 1995 WL 236677, at *2 (citing *Harmelin v. Michigan*,

501 U.S. 957, 965 (1991) and *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991)); *Terry v. Trippett*, No. 94-2077, 1995 WL 469424, at *1 (6th Cir. Aug. 7, 1995) (same). Thus, Petitioner's proportionality claim is solely an issue of state law that is not cognizable in a habeas corpus action.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: February 27, 2009            /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE